Matter of Renren, Inc. (2021 NY Slip Op 01556)





Matter of Renren, Inc.


2021 NY Slip Op 01556


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Index No. 653594/18 Appeal No. 13376 Case No. 2020-02793 

[*1]In the Matter of Renren, Inc., etc.
Heng Ren Silk Road Investments LLC, et al., Plaintiffs-Respondents,
v
Joseph Chen et al., Defendants-Appellants. Renren, Inc., Nominal Defendant-Appellant.


McDermott Will & Emery LLP, New York (Andrew B. Kratenstein of counsel), for Joseph Chen and Oak Pacific Investment, appellants.
Goodwin Procter LLP, Boston MA (Adam Slutsky of the bar of the State of Massachusetts, admitted pro hac vice of counsel), for David Chao, DCM III, L.P., DCM III-A L.P., DCM Affiliates Fund III, L.P. and DCM Investment Management III, LLC, appellants.
Winston & Strawn LLP, New York (James P. Smith III of counsel), for Duff & Phelps, LLC, appellant.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Christopher P. Malloy of counsel), for Renren, Inc., appellant.
Reid Collins & Tsai LLP, Austin TX (William T. Reid of the bar of the State of Texas, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered May 20, 2020, which denied defendants' motions to dismiss the consolidated stockholder derivative complaint, unanimously affirmed, with costs.
The court properly determined that it had personal jurisdiction over defendant Renren, Inc., its subsidiary, and its directors and majority shareholders, since plaintiffs established that those defendants transacted business in New York for the purposes of CPLR 302(a)(1) in connection with the transactions at issue, and that jurisdiction comported with due process (see Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 339-340 [2012]). Contrary to defendants' arguments, plaintiffs' causes of action arise from defendants' New York contacts, since plaintiffs demonstrated that, in light of all the circumstances, there is an articulable nexus or substantial relationship between the transactions and the claim asserted (id.). The court also properly determined that the directors and majority shareholders were primary actors with respect to the transactions at issue under Kreutter v McFadden Oil Corp. (71 NY2d 460, 467 [1988]).
The court properly rejected defendants' arguments that plaintiffs lack standing to bring this derivative action under Cayman Islands law. Plaintiffs sufficiently pleaded that the director defendants, with the assistance of defendant Duff & Phelps LLC, financial advisor to a special committee of Renren's board of directors, committed fraud, obtaining personal benefits at the corporation's expense (see generally Davis v Scottish Re Group Ltd., 160 AD3d 114, 116 [1st Dept 2018]).
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021